# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JALEN GILMORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:18-CV-231-TLS |
| | ) |
| MARION POLICE DEPARTMENT, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Jalen Gilmore, proceeding pro se, filed a Complaint [ECF No. 1] against two Defendants: the Marion Police Department and the Grant County Sheriff Department. He also filed a Motion for Leave to Proceed in Forma Pauperis [ECF No. 2]. For the reasons set forth below, the Plaintiff's Motion is DENIED. The Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and he is GRANTED additional time to amend his Complaint, accompanied either by the statutory filing fee or another Petition to Proceed Without Pre-Payment of Fees and Costs. If the Plaintiff fails to amend his Complaint within the time allowed, the Clerk will be directed to close this case without further notice to the Plaintiff.

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S.

319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id*. § 1915(a). Here, the Plaintiff's Motion establishes that he is unable to prepay the filing fee.

The inquiry does not end there, however. In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id*. §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

In the Complaint, the Plaintiff alleges that, on July 3, 2016, a Grant County police officer approached him as he sat in his vehicle near a bridge. After some questioning, the police officer punched him, pulled him out of his vehicle, and threw him to the ground. He was arrested and summoned to court, and his car was impounded.

On July 11, 2016, three police officers approached the Plaintiff because he was trespassing. The Plaintiff does not specify whether the officers worked for Grant County, Marion, or some other entity. The police officers obtained the Plaintiff's consent to search his backpack, handcuffed him, and placed him in the back of the patrol vehicle as they performed the search. On August 17, 2017, the Plaintiff alleges that police officers used excessive force as they detained him for trespassing at a hospital. Again, the Plaintiff does not specify whether the officers worked for Grant County, Marion, or some other entity. On July 6, 2018, the Plaintiff asserts that police officers detained him based on a call that an individual was running around in boxers. Though the Plaintiff was jogging during these hours, he claims he was not the subject of this call. The Plaintiff does not specify whether these officers worked for Grant County, Marion, or some other entity.

On July 11, 2018, the Plaintiff was asked to leave CVS because he was wearing a blanket instead of a shirt. When he returned with a shirt, he alleges a Marion police officer wrongfully detained him for trespassing, allowed another customer to purchase items for the Plaintiff, and then withheld these items from the Plaintiff. On July 12, 2018, the Plaintiff claims he was wrongfully detained by Marion police officers based on a call regarding a theft by an individual in tan clothing. However, at the time of the arrest, the Plaintiff wore white and pink clothing.

The Plaintiff alleges wrongful detainment and excessive force claims against the Defendants, Marion Police Department and the Grant County Sheriff's Department. The Plaintiff seeks both money damages and injunctive relief. However, the Plaintiff fails to state a claim upon which relief may be granted. First, the Marion Police Department is not a proper defendant. In the City of Marion, the mayor supervises the police department and appoints the department head. *See* Ind. Code § 36-4-5-3; Ind. Code § 36-4-9-2; Ind. Code § 36-8-2-2. Because of this supervisory structure, the Marion Police Department has no separate legal existence from the City of Marion, and therefore it is not a suable entity. *See Argandona v. Lake Cty. Sheriff's Dep't*, 2007 WL 518799, at *3 (N.D. Ind. 2007) *citing Fain v. Wayne Cty. Auditor's Office*, 388 F.3d 257, 261 (7th Cir. 2004) *and Harrison v. City of Chicago*, No. 05 C 2680, 2005 WL 3542576 at *2 (N.D.Ill.2005). Therefore, the Plaintiff may not pursue his claim against the Marion Police Department, and must instead pursue a claim against the City of Marion itself.

Second, in the Complaint, the Plaintiff does not specify whether the officers involved in the allegations from July 11, 2016; August 17, 2017; or July 6, 2018, worked for Grant County, Marion, or some other entity. Further, the Complaint only alleges one incident involving the Grant County Sheriff's Department, occurring on July 3, 2016. To pursue a claim under § 1983 against a local government unit, a plaintiff must show that his injury was the result of that unit's official policy or custom. *See Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). If officers of the Grant County Sheriff's Department only committed one act, more than two years ago, the Plaintiff has not stated a claim: first because a single allegation is not enough to plead a policy or custom, and second because the single event is outside the statute of limitations.[1] *See Thomas v. Cook Cty. Sheriff's Dep't.*, 604 F.3d 293, 303 (7th Cir. 2010)

---

[1] The Court observes that the Plaintiff states "this case is just outside of statute of limitations and I would not ask for that to be overlooked if it were not more proof of violation of my civil rights pertaining to this

4

("[T]here is no clear consensus as to how frequently such conduct must occur to impose *Monell* liability, except that it must be more than one instance[.]") (citations and internal quotation marks omitted); *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005) (noting the two-year statute of limitations for § 1983 claims).

Given the aforementioned, the Plaintiff's request to proceed without prepayment of fees is denied, and the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants the Plaintiff until September 17, 2018, to file an amended complaint consistent with this Opinion and Order. *See Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under IFP statute has the same right to amend a complaint as fee-paying plaintiffs have). Along with an amended complaint, the Plaintiff must also file a new Petition to Proceed Without Prepayment of Fees and Costs or pay the filing fee. If the Plaintiff does not file an amended complaint by September 17, 2018, the Court will direct the Clerk to close this case.

## CONCLUSION

For these reasons, the court:

(1)     DENIES the Plaintiff's Motion for Leave to Proceed in Forma Pauperis [ECF No. 2];

(2)     DISMISSES WITHOUT PREJUDICE the Complaint [ECF No. 1];

(3)     GRANTS the Plaintiff until September 17, 2018, to file an amended complaint, accompanied by a new Petition to Proceed Without Prepayment of Fees and Costs or the filing fee; and

---

case." (*See* Compl. ¶ C.6, ECF No. 1.) To the extent that the Plaintiff is requesting equitable tolling of the statute of limitations, the claim against the Grant County Sheriff's Department still fails because, as explained, a single event does not state a claim in this context.

(4) CAUTIONS the Plaintiff that if he does not respond by the above deadline, this case will be dismissed without further notice.

SO ORDERED on August 17, 2018.

                                          s/ Theresa L. Springmann
                                          CHIEF JUDGE THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT